NUMBER 13-06-00131-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN THE INTEREST OF R.A.K., J.S.K., AND I.J.K., MINOR CHILDREN

 


On appeal from the 206th District Court of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Garza and Benavides


Memorandum Opinion by Chief Justice Valdez
 


 Appellant, Margaret Kasofsky, appeals the trial court's order modifying a final
divorce decree. Appellant asserts four issues on appeal. We affirm. 

I. Background

 Appellant, and her former husband, appellee, were divorced in January 2004. The
original divorce decree named both parties joint managing conservators of their three minor
children. The decree also granted appellant the exclusive right to determine the children's
primary residence. 

 On August 12, 2004, appellee filed a petition to modify the parent-child relationship
seeking to have himself named as the person with the exclusive right to designate the
primary residence of the children. Although trial commenced on this matter on September
18, 2005, a mistrial was granted by the trial court after appellant testified to an incident of
domestic violence that occurred while the parties were married, in violation of the trial
court's prior ruling on appellee's motion in limine. 

 On October 3, 2005, appellant filed a motion to recuse the trial judge. A recusal
hearing was held before an administrative judge on October 19th. An order denying
appellant's motion to recuse was signed by the administrative judge on October 20th. 

 A second jury trial commenced on January 10, 2006. After three days of trial, the
jury rendered a verdict in favor of appellee, granting appellee the exclusive right to
determine the children's primary residence. This appeal ensued. 

II. Recusal

 By her first issue, appellant contends the trial judge should have been recused for
bias favoring appellee. See Tex. R. Civ. P. 18(b)(2)(a). 

 We review the denial of a motion to recuse for an abuse of discretion. Tex. R. Civ.
P. 18(a)(f); Vickery v. Vickery, 999 S.W.2d 342, 349 (Tex. 1999); Carmody v. State Farm
Lloyds, 184 S.W.3d 419, 420 (Tex. App.-Dallas 2006, no pet.); Sommers v. Concepcion,
20 S.W.3d 27, 41 (Tex. App-Houston [14th Dist.] 2000, pet. denied). When a party
challenges the denial of a recusal motion based on alleged bias or impartiality, the party
must show that this bias arose from an extrajudicial source and not from actions during the
pendency of the trial court proceedings unless the actions during the proceedings indicate
a high degree of favoritism or antagonism that renders fair judgment impossible. 
Sommers, 20 S.W.3d at 41; Grider v. Boston Co., 773 S.W.2d 338, 346 (Tex. App.-Dallas
1989, writ denied). 

 At the recusal hearing, appellant testified that the following manifested the trial
judge's personal bias: (1) appellee's motions for contempt were granted, while similar
motions filed by appellant were denied; (2) the trial court ordered that the children be
temporarily removed from appellant's possession; and (3) the fact that appellee is a
member of the State Bar of Texas. 

 Reviewing the record of the recusal hearing, we find no abuse of discretion. 
Appellant's recusal motion and her arguments at the hearing show that she was merely
dissatisfied with the trial court's rulings. She did not allege any extrajudicial source of bias
or impartiality, nor did she demonstrate that the trial court's actions during the proceedings
showed a high degree of favoritism or antagonism that rendered fair judgment impossible. 
A party's remedy for unfair or wrong rulings is to assign error regarding those rulings. 
Sommers, 20 S.W.3d at 41; Grider, 773 S.W.3d at 346. Moreover, the mere fact that
appellee is a local attorney that had previously appeared before the trial judge is
insufficient for us to question the trial judge's impartiality. See Woodruff v. Wright, 51
S.W.3d 727, 736 (Tex. App.-Texarkana 2001, pet. denied) ("We find that recusal is not
required merely because the trial judge knows the defendant, or even because the
defendant (who was for some time the only heart surgeon in this region) performed surgery
on a family member of the judge."); Brosseau v. Ranzau, 81 S.W.3d 381, 399 (Tex.
App-Beaumont 2002, pet. denied) ("[T]he existence of a friendship between a judge and
an attorney appearing before him is not sufficient, without more, to demonstrate
partiality."). Based on the evidence presented, the trial court was within its discretion to
conclude that recusal was not required under rule 18(b)(2)(a). See Tex. R. Civ. P.
18(b)(2)(a). Appellant's first issue is overruled. 

III. Mistrial

 By her second issue, appellant contends the trial court erred in granting appellee's
oral motion for mistrial. Appellant fails to cite to a single appellate court that has
entertained an appeal from the granting of a mistrial. More importantly, appellant fails to
explain how the jury's verdict, arising from a final determination of the new trial, was in any
way influenced by the preceding mistrial. On appeal, appellant simply argues that the trial
court erred in not instructing the jury to disregard her improper comment. Even if we were
to assume error, a question we do not decide, appellant has not shown how the initial
mistrial was reasonably calculated to cause and probably did cause the rendition of an
improper judgment. See Tex. R. App. P. 44.1. Appellant's second issue is overruled. 

IV. Juror Disqualification

 By her third issue, appellant contends that a particular juror should have been
disqualified because the juror's daughter-in-law worked at appellee's law firm. The record
reveals that appellant's counsel did not challenge the juror for cause below. Therefore,
nothing has been preserved for review. See Tex. R. App. P. 33.1(a); Hallett v. Houston Nw.
Med. Ctr., 689 S.W.2d 888, 890 (Tex. 1985) (mandating a three-step procedure to
preserve a complaint about a prospective juror's disqualification). Appellant's third issue
is waived. 

V. Expert Witness

 By her fourth issue, appellant contends that a court-appointed expert witness was
not shown to be qualified and that her testimony was not based on a reliable foundation. 
However, appellant did not make these objections at trial. Thus, she has not preserved
this complaint for appellate review. See Tex. R. App. P. 33.1(a); Coastal Transp. Co. v.
Crown Cent. Petroleum Corp., 136 S.W.3d 227, 233 (Tex. 2004). Appellant's fourth issue
is waived. 

VI. Conclusion

 Having overruled all of appellant's issues on appeal, we affirm the trial court's
judgment. 


 _______________________

 ROGELIO VALDEZ,

 Chief Justice



Memorandum Opinion delivered and filed 

this the 24th day of April, 2008.