

# NUMBER 13-06-00131-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF R.A.K., J.S.K., AND I.J.K., MINOR CHILDREN

## On appeal from the 206th District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Margaret Kasofsky, appeals the trial court's order modifying a final divorce decree. Appellant asserts four issues on appeal. We affirm.

### I. BACKGROUND

Appellant, and her former husband, appellee, were divorced in January 2004. The original divorce decree named both parties joint managing conservators of their three minor children. The decree also granted appellant the exclusive right to determine the children's primary residence.

On August 12, 2004, appellee filed a petition to modify the parent-child relationship seeking to have himself named as the person with the exclusive right to designate the primary residence of the children. Although trial commenced on this matter on September 18, 2005, a mistrial was granted by the trial court after appellant testified to an incident of domestic violence that occurred while the parties were married, in violation of the trial court's prior ruling on appellee's motion in limine.

On October 3, 2005, appellant filed a motion to recuse the trial judge. A recusal hearing was held before an administrative judge on October 19th. An order denying appellant's motion to recuse was signed by the administrative judge on October 20th.

A second jury trial commenced on January 10, 2006. After three days of trial, the jury rendered a verdict in favor of appellee, granting appellee the exclusive right to determine the children's primary residence. This appeal ensued.

## II. RECUSAL

By her first issue, appellant contends the trial judge should have been recused for bias favoring appellee. *See* TEX. R. CIV. P. 18(b)(2)(a).

We review the denial of a motion to recuse for an abuse of discretion. TEX. R. CIV. P. 18(a)(f); *Vickery v. Vickery*, 999 S.W.2d 342, 349 (Tex. 1999); *Carmody v. State Farm Lloyds*, 184 S.W.3d 419, 420 (Tex. App.–Dallas 2006, no pet.); *Sommers v. Concepcion*, 20 S.W.3d 27, 41 (Tex. App–Houston [14th Dist.] 2000, pet. denied). When a party challenges the denial of a recusal motion based on alleged bias or impartiality, the party must show that this bias arose from an extrajudicial source and not from actions during the pendency of the trial court proceedings unless the actions during the proceedings indicate

2

a high degree of favoritism or antagonism that renders fair judgment impossible. *Sommers*, 20 S.W.3d at 41; *Grider v. Boston Co.*, 773 S.W.2d 338, 346 (Tex. App.–Dallas 1989, writ denied).

At the recusal hearing, appellant testified that the following manifested the trial judge's personal bias: (1) appellee's motions for contempt were granted, while similar motions filed by appellant were denied; (2) the trial court ordered that the children be temporarily removed from appellant's possession; and (3) the fact that appellee is a member of the State Bar of Texas.

Reviewing the record of the recusal hearing, we find no abuse of discretion. Appellant's recusal motion and her arguments at the hearing show that she was merely dissatisfied with the trial court's rulings. She did not allege any extrajudicial source of bias or impartiality, nor did she demonstrate that the trial court's actions during the proceedings showed a high degree of favoritism or antagonism that rendered fair judgment impossible. A party's remedy for unfair or wrong rulings is to assign error regarding those rulings. *Sommers*, 20 S.W.3d at 41; *Grider*, 773 S.W.3d at 346. Moreover, the mere fact that appellee is a local attorney that had previously appeared before the trial judge is insufficient for us to question the trial judge's impartiality. *See Woodruff v. Wright*, 51 S.W.3d 727, 736 (Tex. App.–Texarkana 2001, pet. denied) ("We find that recusal is not required merely because the trial judge knows the defendant, or even because the defendant (who was for some time the only heart surgeon in this region) performed surgery on a family member of the judge."); *Brosseau v. Ranzau*, 81 S.W.3d 381, 399 (Tex. App–Beaumont 2002, pet. denied) ("[T]he existence of a friendship between a judge and an attorney appearing before him is not sufficient, without more, to demonstrate

3

partiality."). Based on the evidence presented, the trial court was within its discretion to conclude that recusal was not required under rule 18(b)(2)(a). *See* Tex. R. Civ. P. 18(b)(2)(a). Appellant's first issue is overruled.

### III. MISTRIAL

By her second issue, appellant contends the trial court erred in granting appellee's oral motion for mistrial. Appellant fails to cite to a single appellate court that has entertained an appeal from the granting of a mistrial. More importantly, appellant fails to explain how the jury's verdict, arising from a final determination of the new trial, was in any way influenced by the preceding mistrial. On appeal, appellant simply argues that the trial court erred in not instructing the jury to disregard her improper comment. Even if we were to assume error, a question we do not decide, appellant has not shown how the initial mistrial was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *See* Tex. R. App. P. 44.1. Appellant's second issue is overruled.

### IV. JUROR DISQUALIFICATION

By her third issue, appellant contends that a particular juror should have been disqualified because the juror's daughter-in-law worked at appellee's law firm. The record reveals that appellant's counsel did not challenge the juror for cause below. Therefore, nothing has been preserved for review. *See* Tex. R. App. P. 33.1(a); *Hallett v. Houston Nw. Med. Ctr.*, 689 S.W.2d 888, 890 (Tex. 1985) (mandating a three-step procedure to preserve a complaint about a prospective juror's disqualification). Appellant's third issue is waived.

4

## V. Expert Witness

By her fourth issue, appellant contends that a court-appointed expert witness was not shown to be qualified and that her testimony was not based on a reliable foundation. However, appellant did not make these objections at trial. Thus, she has not preserved this complaint for appellate review. *See* Tex. R. App. P. 33.1(a); *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 233 (Tex. 2004). Appellant's fourth issue is waived.

## VI. Conclusion

Having overruled all of appellant's issues on appeal, we affirm the trial court's judgment.

_____
ROGELIO VALDEZ,
Chief Justice

Memorandum Opinion delivered and filed
this the 24th day of April, 2008.