**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDERICK O. SILVER, | No. 20-17426 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-06160-VC |
| v. | |
| CHARLES W. SCHARF; WELLS FARGO BANK, N.A., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted September 14, 2021[**]

Before:     PAEZ, NGUYEN, and OWENS, Circuit Judges.

Frederick O. Silver appeals pro se from the district court's judgment

dismissing his action alleging claims under the Fair Debt Collection Practices Act

and state law.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of res

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judicata. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). We affirm.

The district court properly dismissed Silver's action as barred by the doctrine of res judicata because Silver litigated the same claims in Texas state court against the same parties or their privies which resulted in a final judgment on the merits. *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 (1982) (federal courts are required to give a state court judgment the same preclusive effect that it would be given by the courts of the state from which it emerged); *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) (stating criteria for res judicata under Texas law); *Sommers v. Concepcion*, 20 S.W.3d 27, 39 (Tex. App. 2000) (holding a dismissal with prejudice is considered a final ruling on the merits for the purposes of res judicata).

We reject as meritless Silver's contention that the district court erred in taking judicial notice of documents.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Silver's motions to take judicial notice of fraud upon the court (Docket Entry Nos. 22, 24) are denied. Silver's motion to expedite the case (Docket Entry No. 28) is denied as moot. Silver's request for costs as set forth in his opening

brief is denied.  Silver's motion to file an amended opening brief (Docket Entry No 20) is construed as a motion to file a reply brief and is granted.  The Clerk is directed to file the reply brief at Docket Entry 19.

**AFFIRMED.**