IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00199-CR

 

NATHAN
ANDREW KNIATT,

                                                                                    Appellant

 v.

 

The
STATE OF TEXAS,

                                                                                    Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No.  25704CR

 



DISSENT
TO ABATEMENT ORDER ON REMAND



 

        The
Court today announces a new rule regarding the recusal of trial court judges in
criminal proceedings.  In the process the Court overrules, though it will not
use that term, recently decided precedent of this Court.  

        One of
the most axiomatic tenets of the common law is that a rule or interpretation
once decided should not be lightly overturned.  See Hammock v. State, 46
S.W.3d 889, 892-93 (Tex. Crim. App. 2001); Awadelkariem v. State, 974
S.W.2d 721, 725 (Tex. Crim. App. 1998).  The Court does not properly analyze whether
the prior case law should be overruled.  I certainly find no compelling reason
to do so in this appeal.  Further, the Court purports to change the rule for
all recusal proceedings in criminal proceedings in Texas by failing to follow
existing precedent of the Court of Criminal Appeals, hoping that the rule it
announces will be adopted by that court.  I would leave the complaining party
with the burden to secure a change in the common law through a petition for
discretionary review with the Court of Criminal Appeals, and until the law is so
changed, would apply the existing and announced law of this State.  Finally, I
would not make the change and then decide, on the thinnest of possible grounds,
that the judge who considered and denied the recusal motion had abused his
discretion.  With these comments, I submit the following as my opinion, which
is substantially the prior opinion of the Court, authored by Justice Vance,
that is on this date being withdrawn.  See Kniatt v. State, No.
10-03-00199-CR, 2007 Tex. App. LEXIS 5141 (Tex. App.—Waco June 27, 2007, no
pet.), withdrawn, 2007 Tex. App. LEXIS _____ (Tex. App.—Waco Dec. 5, 2007, abatement order).

        Appellant
Nathan Kniatt was charged by indictment with possession of
methamphetamine.  See Tex.
Health & Safety Code Ann. § 481.115 (Vernon 2003); see id.
§ 481.102(6) (Vernon Supp. 2007).  At a pretrial hearing on December 7,
2001, the trial court stated:

                State
versus Nathan Kniatt set for trial Monday morning.  As I understand from
the attorneys they thought they had a plea agreement.  In fact, they did
have a plea agreement, and today the defendant has reneged on that, doesn’t
want the agreement.  

                I’ve
also been informed he wants to fire the lawyer.  All that’s okay with
me.  I’ll take all this up.  Defendant’s bond is revoked.  He’s
going to jail pending trial.  

        Have a seat over there,
sir.  We’ll set your trial when we get around to it.

(2 R.R. at 4.)  On
December 11, 2001, Kniatt returned to the trial court and entered a guilty
plea.  In accordance with the plea agreement, the trial court deferred
adjudication of guilt, placed Kniatt on community supervision for three years,
and assessed a fine of $3,000.

        The
State subsequently filed a motion to proceed with adjudication of Kniatt’s
guilt and to revoke his community supervision.  Kniatt filed a
pre-conviction Application for Writ of Habeas Corpus, and a Motion to Recuse
Presiding Judge, Judge Gene Knize, from hearing that application or from
hearing the State’s motion to proceed with adjudication of guilt.  A judge
sitting by assignment denied the motion to recuse.  Judge Knize heard the
State’s motion to adjudicate guilt on June 4, 2003, adjudicated Kniatt guilty,
and, on June 19, 2003, denied Kniatt’s habeas application on the merits.

        Kniatt
appealed the trial court’s denial of his habeas application and the order
denying his motion to recuse.  A majority of this Court sustained his
habeas issue and did not reach the recusal issue.  See Kniatt v. State,
157 S.W.3d 83 (Tex. App.—Waco 2005), rev'd, 206 S.W.3d 657 (Tex. Crim.
App.), cert. denied, 127 S. Ct. 667 (2006).  The Court of Criminal
Appeals reversed this Court’s judgment and remanded the cause for us to
consider Kniatt’s remaining claims.  Kniatt, 206 S.W.3d at 665. 
On remand, Kniatt argues that the assigned judge erred in denying his motion to
recuse Judge Knize.

Recusal

        Kniatt contends
that the assigned judge committed reversible error by refusing to recuse Judge
Knize under Rule 18b(2)(a) or (b).  See Tex. R. Civ. P. 18b.

        We
review a ruling denying a defendant’s motion to recuse for abuse of
discretion.  Wesbrook v. State, 29 S.W.3d 103, 120 (Tex. Crim. App. 2000).  A recusal decision should not be reversed if it is within the
zone of reasonable disagreement.  Id. at 120-21.

Impartiality

        When
impartiality is the basis of the motion, recusal is appropriate if the movant
shows that a reasonable person with knowledge of the circumstances would harbor
doubts as to the impartiality of the trial court and shows that the bias is of
such a nature and extent that allowing the judge to serve would deny the
defendant’s right to due process of law.  Harris v. State, 160
S.W.3d 621, 625 (Tex. App.—Waco 2005, pet. dism’d) (citing Kemp v. State, 846
S.W.2d 289, 305 (Tex. Crim. App. 1992)).  Further, the bias must
come from an extrajudicial source and result in an opinion on the merits of the
case other than what the judge learned from participating in the case.  Rosas
v. State, 76 S.W.3d 771, 774 (Tex. App.—Houston [1st Dist.] 2002, no
pet.).  Accordingly, a party challenging the denial of a motion to recuse
must show that the trial court’s bias arose from an extrajudicial source, not
merely from actions during the trial court proceedings, unless those actions
demonstrated a high degree of favoritism or antagonism that would render fair
judgment impossible.  Sommers v. Concepcion, 20 S.W.3d 27, 41 (Tex.
App.—Houston [14th Dist.] 2000, pet. denied).

        The
record does not support the claim of lack of impartiality.  Generally,
judicial remarks during a proceeding that are critical or even hostile to
counsel, parties, or their cases, do not support recusal.  Ludlow v. DeBerry, 959 S.W.2d 265, 271 (Tex. App.—Houston [14th Dist.] 1997,
no pet.) (op. on orig. submission).  The complained-of act, Judge Knize’s
revoking Kniatt’s bond in December 2001, does not show such a “high degree of
favoritism or antagonism as to make fair judgment impossible” on Kniatt’s habeas
application in April 2003.  See id.  As the act took place
during, and was part of, the judicial proceedings, Kniatt has failed to
demonstrate an extrajudicial source of Judge Knize’s alleged
impartiality.  Accordingly, Kniatt has failed to demonstrate an abuse of
discretion on this issue.

Personal Knowledge

        Kniatt
also argues that because his habeas application was partially based on the
allegation that his 2001 plea was involuntary and because he believes Judge
Knize “likely [had a] predisposition to find that [Kniatt] had been motivated
by something other than a legitimate reason to plead not guilty,” recusal was
required because Judge Knize’s “state of mind was tainted by ‘personal
knowledge of disputed evidentiary facts concerning the proceeding.’”  (Kniatt
Br. on Remand at 23 (quoting Tex. R.
Civ. P. 18b(2)(b)).)  He also argues that
the extrajudicial source rule does not apply to the personal knowledge ground
of recusal.

        In Sommers
v. Concepcion, the court, relying on Liteky v. United States,
reasoned that “although a judge may be exceedingly ill-disposed towards a party
after gaining knowledge of facts during the proceedings, the judge is not
thereby recusable for bias or prejudice since the knowledge was acquired in the
course of proceedings.”  Sommers, 20 S.W.3d at 44 (citing Liteky
v. United States, 510 U.S. 540, 555 (1994)).  The court held that where
a party alleges that the judge possesses personal knowledge of disputed facts,
the party must show that this knowledge was wrongfully obtained.  Sommers
at 44.

        I would
agree that the extrajudicial source rule applies to Rule 18b(2)(b) personal
knowledge claims, and would find that Kniatt failed to show that Judge Knize
obtained personal information from an extrajudicial source pertaining to the
proceedings.  Any knowledge that Judge Knize obtained about Kniatt’s plea
in this case is knowledge that he gained during the proceedings and not from
any other source.  Accordingly, I would overrule Kniatt’s issue.

Conclusion

        I would,
after overruling Kniatt’s sole issue on remand, affirm the judgment of the
trial court.

TOM GRAY

Chief Justice

 

Dissenting opinion delivered and
filed December 5, 2007

Publish